Deng v. Compass Group USA, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges.

---

Yaohua Deng, Shuyin Xu,

> *Plaintiffs-Appellants*,

> v.                                        10-4826

Compass Group USA Inc., DBA
Chartwells, Chrissy A. Austin,

> *Defendants-Appellees*.

---

FOR PLAINTIFFS-APPELLANTS:    Yaohua Deng & Shuyin Xu, *pro se*,
                              Stony Brook, NY.

FOR DEFENDANTS-APPELLEES:     Andrew P. Marks, Littler Mendelson,
                              P.C., New York, NY.


Appeal from the judgment of the United States District Court

for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-Appellants Yaohua Deng and Shuyin Xu (collectively, the "plaintiffs"), proceeding *pro se*, appeal the district court's February 18, 2010 judgment dismissing their discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.;* the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.;* 42 U.S.C. § 1981; and "New York laws." The plaintiffs also appeal the district court's October 29, 2010 denial of their post-judgment motion for relief brought pursuant to Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

## I.   Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b)(1) permits a district court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) (2010).

Citing the procedural due process standard set forth in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976), the plaintiffs argue that the district court should have granted their Rule 60(b) motion on the grounds that Deng did not receive a timely

copy of the defendants' motion for summary judgment. The *Mathews* test, however, is applicable only to "governmental decisions which deprive individuals of 'liberty' or 'property' interests," *Mathews*, 424 U.S. at 323, whereas the defendants in this case are a private entity and individual. Moreover, the requirements of due process dictate only that notice is sufficient where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, the defendants twice mailed their summary judgment papers to Deng's correct address and then, when their second mailing was returned, successfully moved in the district court to effect service by depositing the papers with the court's pro se office. Each of these means of service comports with the requirements of Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(b)(2)(C) (service effective when paper is mailed "to the person's last known address") & (D) (service effective when paper is left "with the court clerk if the person has no known address"). Further, even a cursory review of the district court's docket sheet indicates that, on December 14, 2009, the defendants filed a letter "to Plaintiff Deng enclosing Motion for Summary Judgment Papers," and we have indicated that

3

it is a litigant's responsibility to keep himself apprised of the relevant docket sheet.  *See Stevens v. Miller*, 676 F.3d 62, 70 (2d Cir. 2012).

In addition, Deng acknowledged in a January 21, 2010 letter to the district court that he had received the defendants' letter indicating that their summary judgment motion had twice been returned.  Thus, the district court correctly determined that, as of January 21, 2010, Deng had actual knowledge of the defendants' summary judgment motion, and yet he made no effort at that time either to request that the court direct the defendants to serve the motion by alternate means or request an extension of time from the district court to file his opposition to the motion.  Moreover, when Deng finally received the actual motion on February 4, 2010, he waited over ten days to draft his request for an extension of time to file his opposition, which resulted in that request being filed the day the court entered its order awarding summary judgment to the defendants.

While we require district courts to afford special solicitude to *pro se* plaintiffs opposing summary judgment, *see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621-22 (2d Cir. 1999), we have acknowledged that this solicitude may be lessened if the *pro se* litigant has prior experience with the "particular procedural context at issue," *Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010).  We note that Deng has previously brought an

employment discrimination action that was resolved on summary judgment after Deng successfully moved for several extensions of time to file his opposition. *See Deng v. Aramark Educational*, E.D.N.Y. 00-cv-359. Accordingly, given Deng's prior experience with summary judgment proceedings, coupled with his own delays once he learned of the defendants' motion, we cannot say that the district court abused its discretion in denying the plaintiffs' Rule 60(b) motion.

**II. Summary Judgment**

Having conducted an independent review of the record in this case, we affirm the grant of the defendants' summary judgment motions for substantially the same reasons stated by the district court in its order dated February 17, 2010. We have considered all of the plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk